UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| JEFFERSON INDUSTRIAL PROPERTY, LLC, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> JACKSON COUNTY REVENUE COMMISSION, et al., <br><br> Defendants. | Civil Action Number <br> 5:18-cv-01097-AKK |

## MEMORANDUM OPINION AND ORDER

Plaintiffs Jefferson Industrial Property, LLC, Woods Cove Industrial Property, LLC, Robert Hembree Harding, and Thomas Hunter Harding bring this action under 42 U.S.C. § 1983 against Defendants Jackson County Revenue Commission, Jackson County Board of Equalization ("BOE"), Jeff Arnold, Erik Sentell, and Ron Crawford for alleged violations of their due process rights based on overpayments of property taxes. Doc. 1.[1] This action is currently before the court on the defendants' motion to dismiss. Doc. 4. In light of the Tax Injunction Act, 28 U.S.C. § 1341 ("TIA"), which bars the court from exercising jurisdiction over this action, the defendants' motion to dismiss is due to be granted.

---

[1] The defendants assert that Jackson County Revenue Commission is not an existing entity. Doc. 4 at 11-12. Because the court lacks jurisdiction over all of the plaintiffs' claims, it need not and does not address this issue.

## I. STANDARD OF REVIEW

Federal courts are courts of limited jurisdiction. Under Rule 12(b)(1) of the Federal Rules of Civil Procedure, a party may move to dismiss an action for lack of subject matter jurisdiction. "Attacks on subject matter jurisdiction under Rule 12(b)(1) come in two forms, 'facial' and 'factual' attacks." *Morrison v. Amway Corp.*, 323 F.3d 920, 924 n.5 (11th Cir. 2003) (citation omitted). Facial attacks to jurisdiction are based on the allegations in the complaint, which the court must take as true in deciding whether to grant the motion. *Id.* "Factual attacks challenge subject matter jurisdiction in fact, irrespective of the pleading," and the court may consider extrinsic evidence when deciding a factual attack to jurisdiction. *Id.* In such a case, "the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Id.* at 925 (quoting *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990)).

## II. FACTUAL BACKGROUND

The plaintiffs paid approximately $160,000 in real estate taxes on two commercial properties in Jackson County, Alabama in 2012 and 2013. Doc. 1 at 7-8. Sometime in 2014, Hembree Harding asked Crawford, the Jackson County Revenue Commissioner at the time, about obtaining a refund or credit for any tax overpayments, and Crawford informed Hembree Harding that he needed to meet with the BOE during the third week of July. *Id.* at 8. Accordingly, in July 2014,

Hunter Harding and a representative of the plaintiffs met with the BOE and provided two broker opinion of value reports. *Id.*; *see also* doc. 1-1 at 3-12. Based upon the reports, the BOE reduced their valuation of the properties by a little more than 50%. Doc. 1 at 8. The BOE did not offer to refund any of the tax the plaintiffs paid on the properties in 2012 and 2013, and the plaintiffs "were led to believe by the BOE that there was no refund available." *Id.* at 8-9.

In September 2016, Hunter Harding contacted Arnold, the current Revenue Commissioner, to request a meeting to discuss Alabama Code § 40-7-9.1 and reimbursement for tax overpayments on the properties. Doc. 1-1 at 14.[2] Arnold responded by informing Harding that § 40-7-9.1 pertains to overpayment due to error and that Arnold was not aware of an error in the plaintiffs' case. *Id.* at 13; *see also* doc. 1 at 9. The plaintiffs allege that they learned in 2017 that there was a "a major 'error' in the 2012 and 2013 valuations," so they were, in fact, entitled to seek a refund of the purported tax overpayments. Doc. 1 at 9. Consequently, they filed this lawsuit, pleading five counts of alleged violations under federal and state law based upon the alleged tax overpayment. Doc. 1.

---

[2] Alabama Code § 40-7-9.1 provides in part that, when an error is found in the assessment of ad valorem taxes, a tax collector may refund any overpayment to a taxpayer if the taxpayer provides proof of the overpayment within two years of the payment.

## III. ANALYSIS

The TIA "will bar the exercise of federal jurisdiction if two conditions are met: (1) the relief requested by the plaintiff will 'enjoin, suspend, or restrain' a state tax assessment and (2) the state affords the plaintiff a 'plain, speedy, and efficient remedy.'" *Amos v. Glynn County Bd. of Tax Assessor*, 347 F.3d 1249, 1255 (11th Cir. 2003), a*brogated on other grounds by Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005). "As this court has previously noted, 'in passing the [TIA], Congress expressed its clear intent that all questions regarding state taxes should be litigated in state courts, not federal courts.'" *Terry v. Crawfor*d, Case No. 5:14-cv-01996-AKK, 2014 WL 11279818, *2 (N.D. Ala. December 18, 2014) (quoting *Richards v. Jefferson County*, 789 F. Supp. 369, 371 (N.D. Ala.1992)). Thus, the TIA is construed broadly, and "[t]he burden is on the plaintiff to show facts sufficient to overcome the TIA's jurisdictional bar." *Kelly v. Ala. Dept. of Revenue*, 638 Fed. Appx. 884, 889 (11th Cir. 2016) (citations omitted).

The plaintiffs do not dispute that the relief they seek will enjoin, suspend, or restrain a state tax assessment. *See* doc. 6; *see also* doc. 1 (seeking an order "requiring the Defendants to pay to Plaintiffs amounts representing refunds of all property taxes overpaid" and "enjoining the Jackson County Revenue Commissioner's office from collecting any further property taxes under this

scheme . . ."). As a result, the court cannot exercise jurisdiction over this action if Alabama provides the plaintiffs with a plain, speedy, and efficient remedy. In that respect, "[i]n assessing the adequacy of state court remedies, the Supreme Court has instructed that the 'plain, speedy, and efficient' exception to the Tax Injunction Act must be construed narrowly." *Richards*, 789 F. Supp. at 371 (citing *California v. Grace Brethren Church*, 457 U.S. 393, 413 (1982)). A state remedy "must provide the taxpayer with a 'full hearing and judicial determination at which []he may raise any and all constitutional objections to the tax.' [] The state remedy, however, need not 'be the best remedy available or even equal to or better than the remedy which might be available in the federal courts.'" *Kelly*, 638 Fed. Appx. at 890 (quoting *Grace Brethren Church*, 457 U.S. at 411 and *Bland v. McHann*, 463 F.2d 21, 29 (5th Cir. 1972)).

Alabama law provides the plaintiffs with adequate remedies to challenge the tax at issue. Specifically, the legislature has established a process through which a taxpayer may object to an assessment or valuation fixed by a county board of equalization. *See* Ala. Code (1975) §§ 40-3-19 – 21. If the board overrules a taxpayer's objection, the taxpayer may appeal the board's decision within thirty days "to the circuit court of the county in which the taxpayer's property is located." *Id.* at § 40-3-24 – 25. In addition, when a taxpayer through mistake or error pays ad valorem taxes that are not actually due on property, the taxpayer may seek a

5

refund within two years of the overpayment by filing a petition with the probate court of the county where the property is located. *Id.* at § 40-10-160 – 161; *see also Dunn v. Sequa Corp.*, 74 So. 3d 459 (Ala. Civ. App. 2011). The Eleventh Circuit has found that similar state procedures for challenging the assessment of state income tax provide taxpayers with a "plain, speedy, and efficient remedy within the meaning of the TIA." *Kelly*, 638 Fed. Appx. at 890-92 (affirming a district court's dismissal of a taxpayer's complaint in part because Alabama Code § 40-2A-7(b)(5) provided the taxpayer with an adequate remedy).

Moreover, a taxpayer can file an action under Alabama's Declaratory Judgment Act to challenge a state tax, and "[i]t is well settled that Alabama state courts can hear declaratory actions raising federal constitutional claims against state and local taxes." *Richards*, 789 F. Supp. at 372 (citations omitted); *see also* Ala. Code. § 6-6-220, *et seq*. Indeed, in *Richards v. Jefferson County*, this court recognized that the Act provides a taxpayer with an adequate remedy. 789 F. Supp. at 372.

These two avenues provide the plaintiffs with a plain, speedy, and efficient remedy to challenge the taxes at issue. Consequently, this court cannot exercise jurisdiction over their claims. The plaintiffs resist this conclusion by arguing that the defendants' representation that they could not obtain a refund for the overpayment denied them of a remedy in state court. Doc. 6 at 4. However, the

plaintiffs do not cite any authority to support their contention that the defendants "had a duty to instruct taxpayers on how to obtain a real estate tax refund," doc. 1 at 9, and the court has found no such authority.  In addition, the plaintiffs do not allege facts to indicate how the BOE led them to believe that they could not obtain a refund, *see id.* at 9,[3] much less how any purported misrepresentation prevented them from discovering if they could have petitioned the state for a refund.  Also, the plaintiffs do not allege any facts to suggest they objected to the BOE's valuation of their properties in 2012 and 2013, or that they did not receive notice of the BOE's valuation or their right to object.  *See id*.  Thus, the plaintiffs have not shown that the defendants prevented them from taking advantage of state remedies available to them in 2012 and 2013 to challenge their tax assessments.

## IV.     CONCLUSION AND ORDER

The plaintiffs have not met their burden of showing that the State of Alabama failed to provide them with plain, speedy, and efficient remedy.  As a result, the TIA bars the court from exercising jurisdiction over the plaintiffs' claims.  The Motion to Dismiss, doc. 4, is **GRANTED**, and the plaintiffs' claims are **DISMISSED WITHOUT PREJUDICE**.  The Clerk is **DIRECTED** to close this file.

---

[3] By the time Arnold informed Hunter Harding in September 2016 that Arnold was not aware of an error regarding the plaintiffs' 2012 and 2013 tax payments, *see* doc. 1-1 at 13, the plaintiffs could not have been obtained a refund under Alabama Code § 40-7-9.1 or 40-10-160 because more than two years had passed since they paid the taxes at issue.  *See* Ala. Code §§ 40-7-9.1; 40-10-160.

**DONE** the 18th day of October, 2018.

                                                                             **ABDUL K. KALLON**
                                                                    UNITED STATES DISTRICT JUDGE